UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTT C. PILLER,

    Plaintiff,

v.      Case No.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.
_____/

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW, the Plaintiff, SCOTT C. PILLER, by and through the undersigned counsel, and hereby sues the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, for damages and alleges in support thereof:

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff, Scott C. Piller, is a natural person who resides in Lee County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5. Defendant, Portfolio Recovery Associates LLC ("Portfolio"), is a foreign limited liability company that maintains its principal place of business at 120 Corporate Blvd, Norfolk, VA 23502, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7). Defendant regularly conducts business in the State of Florida and has significant and substantial contacts with and throughout this State.

## FACTS

6. In October 2015, Defendant began placing phone calls to Plaintiff's cellular telephone in an attempt to collect consumer debt from Plaintiff.

7. As of such date, Plaintiff did not owe any outstanding debt to Defendant, nor did Plaintiff owe any outstanding debt to any other entity which may have transferred such debt to Defendant for collection.

8. Plaintiff had no pre-existing relationship with Defendant, had not provided Defendant or any predecessor in interest with his cellular telephone number, and had not given any consent to be called on his cellular telephone to Defendant or any predecessor in interest.

9. On September 29, 2015, the undersigned sent a debt validation request letter (the "letter") to Defendant, requesting information pursuant to 15 U.S.C. § 1692g(b). The letter clearly stated that Plaintiff was represented by counsel with respect to the debt it was attempting to collect, and unequivocally informed Defendant that any further correspondence regarding the debt must be directed to Plaintiff's counsel and *not* Plaintiff directly. A true and correct copy of the letter is attached hereto and incorporated by reference as **Exhibit "A"**.

10. The letter was sent to Defendant via certified U.S. mail, return receipt requested. Defendant received the letter no later than October 8, 2015, as evidenced by the signed return receipt. A true and correct copy of the signed return receipt is attached hereto and incorporated by reference as **Exhibit "B"**.

11. Subsequently, despite receipt of the letter, Defendant continued to place calls to Plaintiff's cellular telephone. Specifically, Defendant called Plaintiff at the following dates and times, from the following telephone numbers:

    a. October 14, 2015 at 10:19 am from (731) 256-9337;

    b. October 16, 2015 at 5:13 pm from (757) 355-6494;

    c. October 22, 2015 at 9:54 am from (205) 379-6018;

    d. October 26, 2015 at 10:23 am from (757) 320-4166;

    e. November 3, 2015 at 10:14 am from (620) 860-1572;

    f. November 7, 2015 at 8:15 am from (757) 355-6494;

    g. November 9, 2015 at 8:54 am from (757) 355-6494;

    h. November 11, 2015 at 10:34 am from (731) 256-9338.

12. At no point did Defendant provide Plaintiff or his counsel with any information regarding the alleged debt via written notice as required by 15 U.S.C. § 1692g(a).

13. Upon information and belief, Defendant used an automated telephone dialing system to make all of the above-referenced calls to Plaintiff on his cellular telephone.

14. The actions of the Defendant as alleged herein are acts in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

15. The actions of the Defendant as alleged herein are acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

16. The actions of the Defendant as alleged herein are acts in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et seq.*

17. The Plaintiff has been severely agitated, annoyed, traumatized, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I
## VIOLATION OF THE TELEPHONE CONSUMER PRACTICES ACT
## 47 U.S.C. § 227

18. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

19. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the TCPA.

20. Under the provisions of 47 U.S.C. § 227(b)(1)(A)(iii), Defendant was and is prohibited from using any automatic telephone dialing system to make any call to any telephone number assigned to a cellular telephone.

21. The Plaintiff has never given Defendant, or its predecessor in interest, any type of consent to call Plaintiff's cellular telephone.

22. None of the phone calls placed by Defendant to Plaintiff's cellular telephone were made for emergency purposes.

23. Before such calls were placed, the Defendant was aware of the prohibitions on making such calls pursuant to the TCPA.

24. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to actual monetary loss *or* $500.00 in damages for each violation, and reasonable costs pursuant to 47 U.S.C. § 227 from Defendant. As Defendant placed no fewer than eight (8) calls to Plaintiff's

cellular telephone in violation of the TCPA, Plaintiff seeks statutory damages in an amount no less than $4,000.00.

25. Additionally, 47 U.S.C. § 227 provides that a court may award treble statutory damages to Plaintiff in the event that Defendant's violations of the TCPA are shown to have been "willful and knowing". Plaintiff submits that Defendant's violations of the TCPA were both willful and knowing, and accordingly requests treble damages in an amount no less than $12,000.00.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(a)

26. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

28. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, fail to provide Plaintiff with written notice containing the information required by 15 U.S.C. § 1692g(a) within five (5) days of its initial communication with Plaintiff.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g(b)

30. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

32. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff, continue its attempts to collect the alleged debt from Plaintiff during the thirty (30) days following receipt of the letter in violation of U.S.C. § 1692g(b).

33. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692c(a)(2)

34. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

36. Upon information and belief, Defendant did knowingly, willfully, maliciously, recklessly, wantonly, outrageously, and with complete disregard for the rights of the Plaintiff,

continued to contact Plaintiff regarding an alleged debt after receiving notice that Plaintiff was represented by counsel with respect to such debt.

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT V
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(18)

38. Plaintiff incorporates by reference paragraphs 1 through 17 above as though fully stated herein.

39. The foregoing acts and omissions of the Defendant constitute violations of the Florida Consumer Collection Practices Act.

40. Under the provisions of Florida Statute § 559.72(18), Defendant was and is prohibited from communicating with a debtor known to be represented by counsel with respect to the alleged debt sought to be collected.

41. Defendant violated Florida Statute § 559.72(18) by placing phone calls to Plaintiff's cellular phone in an attempt to collect the alleged debt after having received the letter indicating Plaintiff's representation by the undersigned counsel.

42. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Florida Statute § 559.77 from Defendant.

43. Additionally, § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiff

hereby reserves the right to amend his Complaint to include an allegation for punitive damages.

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of treble statutory damages in the amount of $10,500.00 pursuant to 47 U.S.C. § 227, or, in the alternative, for an award of statutory damages in the amount of $3,500.00 pursuant to 47 U.S.C. § 227;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77(2) against Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Dated: February 11, 2016

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
***Attorneys for Plaintiff***

By: /s/ Joseph C. LoTempio
　　Joseph C. LoTempio, Esq.
　　Fla. Bar No. 0086097
　　jlotempio@dellutrilawgroup.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF  Florida        )
                         ) ss
COUNTY OF  Lee           )

Plaintiff, SCOTT C. PILLER, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any party, cause unnecessary delay to any party, or create a needless increase in the cost of litigation to any party named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
SCOTT C. PILLER

Subscribed and sworn to before me this  11  day of  Feb , 20 16  by SCOTT C. PILLER who:

☐ is personally known; or

☒ produced identification  FL DL  .



_____
Notary Public

(SEAL)

-10-